UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ASHLEY M. CARPENTER,

    Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, LLC, d/b/a
CENTRAL FINANCIAL CONTROL,

    Defendant.
_____/

# COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

## PARTIES

3.    Plaintiff, ASHLEY M. CARPENTER, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4.    Defendant, SYNDICATED OFFICE SYSTEMS, LLC, d/b/a CENTRAL FINANCIAL CONTROL, ("Central") is a limited liability company formed under

the laws of the State of California and citizen of the State of Texas with its principal place of business at 3560 Dallas Parkway, Frisco, Texas 75034.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt for Plaintiff's medical care.

11. On or about February 26, 2016, Defendant mailed a letter to Plaintiff regarding the alleged debt, a true copy of which is attached as Exhibit "A".

12. The letter was the first communication Plaintiff received from Defendant regarding the alleged debt.

13. On information and belief, the letter was the first communication Defendant sent to Plaintiff regarding the alleged debt.

14. The letter does not state the name of the alleged creditor.

15. The FDCPA requires a debt collector to state in the initial letter "the name of the creditor to whom the debt is owed…" 15 U.S.C. §1692g(a)(2).

16. Plaintiff is harmed by the inability to know with certainty the identity of the party to whom she is allegedly indebted.

17. The letter ostensibly states an amount of the alleged debt but also confusingly states that the amount of the alleged debt may increase or decrease depending upon insurance or third-party coverage, or the lack thereof, without providing Plaintiff a way of knowing the amount by which it may change and without providing Plaintiff any procedure to follow in the event that the amount of the alleged debt does in fact change.

18. The FDCPA requires a debt collector to state in the initial letter "the amount of the debt" 15 U.S.C. §1692g(a)(1).

19. The presence of language stating that the true amount due may not be the amount of debt stated in the letter, and without giving Plaintiff a way to determine the changes to the amount of the debt or what procedure to follow to pay the debt for the true amount due, Defendant has failed to state the amount the debt.

20. Plaintiff has been harmed by Defendant's failure to unequivocally state the amount of the alleged debt.

## COUNT I
## FAILURE TO STATE THE NAME OF THE CREDITOR TO WHOM THE DEBT IS OWED

21. Plaintiff incorporates Paragraphs 1 through 20.

22. Defendant's letter fails to state the name of the creditor to whom the alleged debt is owed in violation of 15 U.S.C. §1692g(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO STATE THE AMOUNT OF THE ALLEGED DEBT

23. Plaintiff incorporates Paragraphs 1 through 20.

24. Defendant's letter fails to state the amount of the alleged debt in violation of 15 U.S.C. §1692g(a)(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                DONALD A. YARBROUGH, ESQ.
                Attorney for Plaintiff
                Post Office Box 11842
                Ft. Lauderdale, FL 33339
                Telephone: 954-537-2000
                Facsimile: 954-566-2235
                don@donyarbrough.com

    By: s/ Donald A. Yarbrough
          Donald A. Yarbrough, Esq.
          Florida Bar No. 0158658