UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 16-81899-Civ-Marra/Matthewman

ASHLEY M. CARPENTER,
on behalf of herself and all others
similarly situated,

    Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, LLC, d/b/a
CENTRAL FINANCIAL CONTROL,

    Defendant.
_____/

## FIRST AMENDED CLASS ACTION COMPLAINT
## JURY DEMAND

Plaintiff, on behalf of herself and all others similarly situated, alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant mailed letters into this District.

## PARTIES

2. Plaintiff, ASHLEY M. CARPENTER, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

3. Defendant, SYNDICATED OFFICE SYSTEMS, LLC, d/b/a CENTRAL FINANCIAL CONTROL, ("Central") is a limited liability company formed under the laws of the State of California and citizen of the State of Texas with its principal place of business at 3560 Dallas Parkway, Frisco, Texas 75034.

4. Defendant is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

5. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt for Plaintiff's medical care.

10. On or about February 26, 2016, Defendant mailed a letter to Plaintiff regarding the alleged debt, a true copy of which is attached as Exhibit "A".

11. The letter was the first communication Plaintiff received from Defendant regarding the alleged debt.

12. On information and belief, the letter was the first communication Defendant sent to Plaintiff regarding the alleged debt.

13. The letter does not state the name of the alleged creditor.

14. The FDCPA requires a debt collector to state in the initial letter "the name of the creditor to whom the debt is owed…" 15 U.S.C. §1692g(a)(2).

15. Plaintiff is harmed by the inability to know with certainty the identity of the party to whom she is allegedly indebted.

16. The letter ostensibly states an amount of the alleged debt but also confusingly states that the amount of the alleged debt may increase or decrease depending upon insurance or third-party coverage, or the lack thereof, without providing Plaintiff a way of knowing the amount by which it may change and without providing Plaintiff any procedure to follow in the event that the amount of the alleged debt does in fact change.

17. The FDCPA requires a debt collector to state in the initial letter "the amount of the debt" 15 U.S.C. §1692g(a)(1).

18. The presence of language stating that the true amount due may not be the amount of debt stated in the letter, and without giving Plaintiff a way to

3

determine the changes to the amount of the debt or what procedure to follow to pay the debt for the true amount due, Defendant has failed to state the amount the debt.

19. Plaintiff has been harmed by Defendant's failure to unequivocally state the amount of the alleged debt.

## CLASS ACTION ALLEGATIONS

20. Plaintiff incorporates the foregoing paragraphs.

21. This action is brought on behalf of one FDCPA class.

22. The class is defined as:

    a. all persons to whom Defendant sent, or caused to be sent, a letter in the form of Exhibit A, to a mailing address located within the State of Florda,

    b. in an attempt to collect a debt incurred for medical services,

    c. allegedly incurred at Palm Beach Gardens Medical Center,

    d. during the one-year period prior to the filing of the complaint.

23. Plaintiff alleges on information and belief based on Defendant's use of letters in the form of Exhibit A that the class is so numerous that joinder of all members is impractical.

24. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class

members. Each purported class member was sent a letter in the form of <u>Exhibit A</u> by Defendant. The principal issues are:

    a.    whether Defendant's letters in the form of <u>Exhibit A</u> violate the FDCPA,

    b.    whether Defendant is a debt collector.

25. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful debt collection practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interest which might cause them not to vigorously pursue this action.

27. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a.    The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
## FAILURE TO STATE THE NAME OF THE CREDITOR TO WHOM THE DEBT IS OWED

28. Plaintiff incorporates Paragraphs 1 through 27.

29. Defendant's letter fails to state the name of the creditor to whom the alleged debt is owed in violation of 15 U.S.C. §1692g(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO STATE THE AMOUNT OF THE ALLEGED DEBT

30. Plaintiff incorporates Paragraphs 1 through 27.

31. Defendant's letter fails to state the amount of the alleged debt in violation of 15 U.S.C. §1692g(a)(1).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of herself and the class she seeks to represent against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                                      DONALD A. YARBROUGH, ESQ.

Case 9:16-cv-81899-KAM   Document 26   Entered on FLSD Docket 03/09/2017   Page 7 of 9

        Attorney for Plaintiff
        Post Office Box 11842
        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        don@donyarbrough.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 16-81899-Civ-Marra/Matthewman

ASHLEY M. CARPENTER,
on behalf of herself and all others
similarly situated,

  Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, LLC, d/b/a
CENTRAL FINANCIAL CONTROL,

  Defendant.
_____/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 9, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

            s/Donald A. Yarbrough
            Donald A. Yarbrough, Esq.

## **SERVICE LIST**

Michael L. Ehren, Esq.
Lash and Goldberg LLP
Miami Tower, Suite 1200
100 South East 2nd Street
Miami, FL 33131
Telephone: 305-347-4040
Facsimile: 305-347-4050

Via Notices of Electronic Filing generated by CM/ECF