UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:16-CV-81899-KAM

ASHLEY M. CARPENTER,

    Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, LLC,
d/b/a CENTRAL FINANCIAL CONTROL,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED CLASS ACTION COMPLAINT**

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., Defendant Syndicated Office Systems, LLC d/b/a Central Financial Control ("CFC"), respectfully moves the Court to dismiss Plaintiff Ashley M. Carpenter's ("Plaintiff") First Amended Class Action Complaint ("Amended Complaint") (DE 26) for failure to state a claim upon which relief can be granted against CFC for alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").[1]

### I.    Introduction and Summary of the Argument

Plaintiff's two-count Amended Complaint is substantively identical to Plaintiff's original Complaint (DE 1) except that it asserts the same FDCPA claims against CFC on a class-wide (instead of individual) basis. Plaintiff's claims are again predicated on a single February 26, 2016 letter from CFC to Plaintiff (the "CFC Letter"), attached to her pleading, regarding a debt

---

[1] For purposes of this Motion, the well-pleaded allegations of the Amended Complaint are taken as true. To the extent that the Motion is denied for any reason, CFC reserves the right to dispute each and every such allegation.



owed for medical care she received at Palm Beach Gardens Medical Center (the "Hospital"). Am. Compl. ¶¶ 9-10, Ex. A.  Plaintiff's conclusory allegations again assert that the CFC Letter purportedly (1) failed to state the name of the creditor to whom the debt is owed (Count I), and (2) failed to state the amount of the debt owed by Plaintiff (Count II).  Plaintiff seeks to represent a class of persons who allegedly received the same form CFC Letter regarding medical services received at the Hospital.  *Id.* ¶¶ 21-22.

As set forth below, Plaintiff's claims are contradicted by the terms of the CFC Letter, which expressly states both (1) the name of the creditor to whom Plaintiff's debt was owed (the Hospital), and (2) the amount of the debt owed by Plaintiff as of the date the letter was sent ($653.36).  The CFC Letter governs and is controlling over Plaintiff's contradictory allegations, subjecting her FDCPA claims to dismissal as a matter of law. Plaintiff's deficient class allegations, consisting of barebones conclusory statements without supporting facts, provide additional grounds for dismissal.  Accordingly, Plaintiff fails to state any FDCPA claim against CFC and the Amended Complaint should be dismissed in its entirety.

II.     **Memorandum of Law**

   A.     **Standard for Motion to Dismiss**

Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  In ruling on a Rule 12(b)(6) motion to dismiss, the trial court must determine whether the plaintiff has satisfied the Supreme Court's pleading standards to articulate "enough facts to state a claim to relief that is plausible on [the] face" of the complaint.  *See Moore v. Online Info. Svcs., Inc.*, 2014 WL 11696696, at *1 (S.D. Fla. Jan. 10,

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

2014) (Marra, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly,* 550 U.S. at 570).[2] Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Iqbal*, 556 U.S. at 678. The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief. *MSP Recovery, Inc. v. Allstate Ins. Co.*, 2015 WL 10382871, at *1 (S.D. Fla. Aug. 28, 2015).

Exhibits attached to a plaintiff's complaint are part of the pleading for all purposes and are properly considered on a Rule 12(b)(6) motion to dismiss. *See Solis–Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985); *Caron Foundation of Fla., Inc. v. City of Delray Beach*, 2012 WL 12855473, at *1 (S.D. Fla. Jun. 6, 2012). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007); *A1 Procurement, LLC v. Hendry Corp.*, 2012 WL 12844745, at *3 (S.D. Fla. Oct. 1, 2012); *Caron Foundation of Fla., Inc.*, 2012 WL 12855473, at *1.

### B. The Amended Complaint is Contradicted by the CFC Letter and Should Be Dismissed for Failure to State a Claim as a Matter of Law

Plaintiff's FDCPA claims are contradicted by the CFC Letter attached to the Amended Complaint upon which these claims are premised, the terms of which are controlling over Plaintiff's contradictory allegations. The Amended Complaint should therefore be dismissed in its entirety for failure to state any FDCPA claim against CFC.

---

[2] A plaintiff must plead more than labels and conclusions, as "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 570.

3


MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

1.  **The CFC Letter Properly States the Name of the Creditor to Whom Plaintiff's Debt is Owed in Accordance with 15 U.S.C. § 1692g(a)(2)**

In Count I, Plaintiff alleges that the CFC Letter seeks to collect a debt for her medical care, but purportedly does not "state the name of the creditor to whom the alleged debt is owed in violation of 15 U.S.C. § 1692g(a)(2)."[3] *See* Am. Compl. ¶¶ 9-10, 13 and 28-29. Plaintiff further claims that she was harmed by the purported inability to determine the party to whom she is indebted. *Id.* ¶ 15. Yet, Plaintiff expressly alleges that she seeks to represent a class of similarly situated persons who (like her) incurred a debt at Palm Beach Gardens Medical Center for medical care received. *Id.* ¶ 22. Plaintiff cannot allege that she is confused about the creditor's name, but knows who the creditor is for the purposes of the class.

Whether a collection letter complies with the notification requirements under section 1692g(a) of the FDCPA, including identifying the creditor's name under section 1692g(a)(2), is a question of law that is properly decided on a motion to dismiss. *See, e.g., Greig v. Backer Aboud Poliakoff & Foelster, LLP*, 2017 WL 57026, at *4-5 (S.D. Fla. Jan. 5, 2017); *Leonard v. Zwicker & Assocs., P.C.*, 2016 WL 7388645, at *3-4 (S.D. Fla. Dec. 14, 2016); *Beasley v. Sessoms & Rogers, P.A.*, 2010 WL 1980083, at *3-4 (E.D.N.C. Mar. 1, 2010). A collection letter's identification of the creditor's name in accordance with section 1692g(a)(2) is evaluated using the objective "least sophisticated consumer" standard. *See, e.g., Leonard*, 2016 WL 7388645, at *2-3 (finding that collection letter properly identified the creditor's name under section 1692g(a)(2) and granting defendant's motion to dismiss). The Eleventh Circuit has described this standard as follows:

---

[3] The term "creditor" is defined under the FDCPA as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

4

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Lash&Goldberg LLP
LASHGOLDBERG.COM

> The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care … However, the test has an objective component in that [w]hile protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

*LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1194 (11th Cir. 2010).

Contrary to Plaintiff's allegations, the CFC Letter expressly states the name of facility at which Plaintiff received her medical treatment and incurred her debt at issue ("Palm Beach Gardens Medical Center"), her account number and patient reference number, the date she received treatment at the Hospital, the Hospital's code, and the amount owed. The CFC Letter further states:

> This notice has been sent by a collection agency, Central Financial Control. Your account(s) has been placed with this company for collection **for the amount owed which is stated at the top of this notice** . . . . Please note that the amount owed may increase or decrease depending on any amount this is or it not covered by health insurance of other third party coverage **for medical services received from Palm Beach Gardens Medical Center, the same medical services that form the basis of this debt. This has been sent by a debt collector, Central Financial Control . . . .**

Am. Compl. Ex. A (emphasis added). This straightforward language can reasonably be understood by the objective least sophisticated consumer. Moreover, (1) Plaintiff alleges that CFC is a "debt collector" as defined in the FDCPA who collects debts for others, and that CFC sent the CFC Letter to collect her medical debt incurred at the Hospital; and (2) the CFC Letter states that it was "sent by a debt collector, [CFC]" with whom Plaintiff's Hospital account was placed for collection. *Id.* ¶¶ 7-10, Ex. A. The FDCPA defines a "debt collector" as any person "who regularly collects or attempts to collect … ***debts owed or due or asserted to be owed or due another***." (emphasis added). 15 U.S.C. § 1692a(6).[4]

---

[4] Additionally, as required under section 1692g(a)(5), the CFC Letter notified Plaintiff that "[i]f

Lash&GoldbergLLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

The CFC Letter therefore properly identifies the creditor's name in accordance with section 1692g(a)(2) of the FDCPA, contradicting Plaintiff's allegations.  The CFC Letter clearly and sufficiently identifies, without confusion or misunderstanding, that the Hospital is the underlying creditor and CFC is the debt collector collecting the amount owed to the Hospital. Plaintiff's contention that the CFC Letter does not identify the creditor's name is the very type of "bizarre" or "idiosyncratic" misinterpretation that does not result in FDCPA liability under the Eleventh Circuit's least sophisticated consumer standard. *See LeBlanc,* 601 F.3d at 1194.

Accordingly, Count I of the Amended Complaint should be dismissed for failure to state a claim against CFC under section 1692g(a)(2).

### 2.  The CFC Letter Properly States the Amount of the Debt Owed by Plaintiff in Accordance with 15 U.S.C. § 1692g(a)(1)

In Count II, Plaintiff alleges that the CFC Letter "fails to state the amount of the alleged debt is owed in violation of 15 U.S.C. § 1692g(a)(1)." Am. Compl. ¶ 32.  While Plaintiff acknowledges that the CFC Letter states an "amount of the alleged debt," she nonetheless claims that the letter violated section 1692g(a)(1) because it (1) states that the amount owed may potentially increase or decrease depending on health insurance or third-party coverage, and (2) purportedly does not inform Plaintiff how the amount owed may change or the procedure to follow if the amount owed changes. *See id.* ¶¶ 16-19, 30.

A collection letter's compliance with section 1692g(a)(1)'s requirement to identify the amount of the debt is likewise a question of law properly decided on a motion to dismiss.  *See Greig*, 2017 WL 57026, at *4; *Beasley*, 2010 WL 1980083, at *3-4; *Hutton v. Law Offices of*

---

you request [CFC] in writing 30 days after receiving this notice [CFC] will provide you with the name and address of the original creditor, if different from the current creditor."  Accordingly, if Plaintiff had any questions or wanted any further confirmation that the Hospital was her creditor, the CFC Letter specifically enabled her to do so, contradicting Plaintiff's allegation that she was purportedly unable to determine the party to whom she was indebted.  Am. Compl. ¶ 15.


MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

*Collins & Lamore*, 668 F.Supp.2d 1251, 1255-56 (S.D. Cal. 2009). A collection letter must state the amount of the debt "clearly enough that the recipient is likely to understand it," using the objective least sophisticated consumer standard to determine whether the letter causes any confusion or misunderstanding. *Anselmi v. Shendell & Associates, P.A.*, 2014 WL 5471111, at *2-4 (S.D. Fla. Oct. 29, 2014) (citations omitted).

Courts have routinely recognized that a collection letter complies with section 1692g(a)(1) by providing notice of the total amount owed for the debt as of the date the letter was sent. *See, e.g., Anselmi*, 2014 WL 5471111, at *3-4 (finding that collection letter identifying the amount "currently owe[d]" and "total due" on the date the letter was sent properly specified the amount of the debt in compliance with § 1692g(a)); *Mashiri v. Epsten Grinnell & Howell, APC*, 2014 WL 12498213, at *3-4 (S.D. Cal. Oct. 31, 2014) (granting defendant's motion to dismiss section 1692g(a)(1) claim); *Beasley*, 2010 WL 1980083, at *3-4 (same); *Hutton*, 668 F.Supp.2d at 1257-58 (same); *Taylor v. Cavalry Inv., LLC*, 210 F.Supp.2d 1001, 1003-04 (N.D. Ill. 2002) (granting defendant's motion for judgment on the pleadings on section 1692g(a)(1) claim). Section 1692g(a)(1) does not require a collection letter to estimate future changes in the amount of the debt or include potential add-ons to the present amount owed, which are beyond the debt collector's control and can only be referred to hypothetically. *See, e.g., Beasley*, 2010 WL 1980083, at *3-4; *Hutton*, 668 F.Supp.2d at 1257-58; *Taylor*, 210 F.Supp.2d at 1003. Moreover, a collection letter is not rendered inaccurate, unclear or confusing merely because a debt collector informs a debtor that the amount of the debt may change in the future. *See Beasley*, 2010 WL 1980083, at *4; *Taylor*, 210 F.Supp.2d at 1003.

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Contrary to Plaintiff's allegations, the CFC Letter properly states the amount of the debt owed by Plaintiff in accordance with section 1692(a)(1). The CFC Letter specifically states that the "current balance" and total "amount owed" of the debt was $653.36 as of the February 26, 2016 date on which the letter was sent to Plaintiff. This language identifies the current balance and total amount owed as of the transmittal date clearly and sufficiently such that the objective least sophisticated consumer would be likely to understand it without confusion or misunderstanding. *See, e.g., Anselmi*, 2014 WL 5471111, at *4. While the CFC Letter states that the current amount owed could potentially increase or decrease in the future depending on health/third-party insurance coverage, any such changes were beyond CFC's control and could only be referred to hypothetically at the time the letter was sent. CFC was not required to estimate or speculate as to these potential changes, and the inclusion of this notification language does not, as a matter of law, render the CFC Letter unclear or confusing. *See, Anselmi*, 2014 WL 5471111, at *3-4; *Beasley*, 2010 WL 1980083, at *4. Plaintiff's contention that the CFC Letter does not specify the amount owed is, again, the same "bizarre" or "idiosyncratic" misinterpretation that cannot give rise to FDCPA liability under the least sophisticated consumer standard. *See LeBlanc,* 601 F.3d at 1194.

Plaintiff's allegations in Count II that CFC did not provide her any way to seek information regarding potential changes to the amount owed are likewise contradicted by the CFC Letter. If Plaintiff had any questions or wanted any information regarding such changes, the CFC Letter included a toll-free customer service number and hours of operation which would enable Plaintiff to contact CFC. *See Mashiri*, 2014 WL 12498213, at *4 (recognizing that defendant's inclusion of a toll-free customer service number in collection letter provided plaintiff a reasonable method to seek information regarding amount owed and dismissing section

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

1692g(a)(1) claim for failure to state a claim).  Accordingly, Count II of the Amended Complaint should be dismissed for failure to state a claim against CFC under section 1692g(a)(1).

### 3. Plaintiff's Deficient Class Allegations Should Also be Dismissed

Rule 23(c)(1)(A), Fed. R. Civ. P., states that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Thus, "[w]here the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on this issue prior to the filing of a motion for class certification." *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F.Supp. 2d 1205, 1207 (M.D. Fla. 2010) (granting defendant's motion to dismiss class action claims); *accord Martinez-Mendoza v. Champion Int'l Corp.*, 340 F.3d 1200, 1216 n.37 (11th Cir. 2003) (stating the trial court has an independent obligation to decide whether an action was properly brought as a class action, even if the plaintiff has not moved for class certification).

Plaintiff's class allegations provide additional, independent grounds for dismissal, as she merely asserts barebones conclusory statements parroting Rules 23(a)(1)-(4) and 23(b)(3), Fed. R. Civ. P., without supporting factual allegations. *See* Am. Compl. ¶¶ 21-27.  Class claims are properly dismissed where a plaintiff merely pleads formulaic, conclusory class allegations without factual support. *See, e.g., Daisy, Inc. v. Pollo Operations, Inc.*, 2015 WL 1418607, at *5-6 (M.D. Fla. Mar. 27, 2015) (granting motion to dismiss class claims where plaintiff "merely allege[d] a formulaic recitation of the elements of a class action without providing sufficient facts to support its claims"); *Foxx v. Ocwen Loan Servicing, LLC*, 2012 WL 2048252, at *9-10 (M.D. Fla. Jun. 6, 2012) (accord).

For example, with respect to Rule 23(a)(1)'s numerosity requirement, Plaintiff only asserts a single allegation that "the class is so numerous that joinder of all members is

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

impractical," and fails to provide any supporting facts or analysis for this assertion. *See, e.g., Stroud v. Seminole Tribe of Florida*, 574 F.Supp. 1043, 1045 n.1 (S.D. Fla. 1983) (dismissing class allegations for failure to sufficiently allege numerosity). Plaintiff's formulaic allegations regarding Rule 23's commonality, typicality, adequacy and predominance requirements are similarly deficient on their face. *See* Am. Compl. ¶¶ 24-27. Accordingly, Plaintiff's class allegations should be dismissed.

### III. Conclusion

For the foregoing reasons, Plaintiff fails to state any FDCPA claim (on an individual or class basis) against CFC as a matter of law. Accordingly, the Court should dismiss the Amended Complaint in its entirety and grant CFC any other relief the Court deems just and proper.

Respectfully submitted:

**LASH & GOLDBERG LLP**
Suite 1200, Miami Tower
100 Southeast Second Street
Miami, Florida 33131-2100
Tel: (305) 347-4040; Fax: (305) 347-4050
*Attorneys for Defendant Syndicated Office Systems, LLC d/b/a Central Financial Control*

By: /s/ Michael L. Ehren
  **ALAN D. LASH**
  Florida Bar No. 510904
  alash@lashgoldberg.com
  **MICHAEL L. EHREN**
  Florida Bar No. 0043768
  mehren@lashgoldberg.com



CASE NO. 9:16-CV-81899-KAM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 23, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/Michael L. Ehren
Michael L. Ehren

**SERVICE LIST:**

Donald A. Yarbrough, Esq.
don@donyarbrough.com
P.O. Box 11842
Fort Lauderdale, FL 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
*Attorneys for Plaintiff*

Lash&Goldberg LLP
LASHGOLDBERG.COM
MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel