UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 16-81899-Civ-Marra/Matthewman

ASHLEY M. CARPENTER,
on behalf of herself and all others
similarly situated,

Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, LLC, d/b/a
CENTRAL FINANCIAL CONTROL,

Defendant.
_____________________________________________/

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**
**<u>PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT</u>**

Plaintiff Ashley M. Carpenter, on behalf of herself and all others similarly situated, submits her brief in opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint (DE 29) filed by Syndicated Office Systems, LLC, d/b/a Central Financial Control ("Central").

Plaintiff's First Amended Complaint ("FAC") (DE 26) has adequately stated a claim for Central's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692g(a)(1) and (2) by failing to clearly disclose in its initial communication to Ms. Carpenter and the proposed class the amount of the debt and the name of the creditor to whom the debt is owed.

## I. PROCEDURAL HISTORY

On November 20, 2016 Plaintiff Ashley M. Carpenter filed her complaint as an individual claim against Defendant Syndicated Office Systems, LLC, d/b/a Central Financial Control ("Central") alleging that it violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.("FDCPA") (DE 1) On March 9, 2017 Plaintiff's filed her First Amended Complaint. ("FAC") (DE 26)

On March 23, 2017 Defendant Central filed its Motion to Dismiss Plaintiff's First Amended Class Action Complaint. (DE 29). Plaintiff now files her opposition thereto.

## II. STATEMENT OF FACTS

Plaintiff's First Amended Complaint ("FAC") # 9-19 (DE 26) alleges:

Defendant sought to collect from Plaintiff an alleged debt for Plaintiff's medical care. On or about February 26, 2016, Defendant mailed a letter to Plaintiff regarding the alleged debt, a true copy of which is attached to thr FAC as Exhibit "A". The letter was the first communication Plaintiff received from Defendant regarding the alleged debt. On information and belief, the letter was the first communication Defendant sent to Plaintiff regarding the alleged debt.

The letter does not state the name of the alleged creditor. The FDCPA requires a debt collector to state in the initial letter "the name of the creditor to whom the debt is owed…" 15 U.S.C. §1692g(a)(2). Plaintiff is harmed by the inability to know with certainty the identity of the party to whom she is allegedly indebted.

The letter ostensibly states an amount of the alleged debt but also confusingly states that the amount of the alleged debt may increase or decrease depending upon insurance or third-party coverage, or the lack thereof, without providing Plaintiff a way

of knowing the amount by which it may change and without providing Plaintiff any procedure to follow in the event that the amount of the alleged debt does in fact change. The FDCPA requires a debt collector to state in the initial letter "the amount of the debt" 15 U.S.C. §1692g(a)(1). The presence of language stating that the true amount due may not be the amount of debt stated in the letter, and without giving Plaintiff a way to determine the changes to the amount of the debt or what procedure to follow to pay the debt for the true amount due, Defendant has failed to state the amount the debt.

Plaintiff has been harmed by Defendant's failure to unequivocally state the amount of the alleged debt.

## III. QUESTION PRESENTED

Should Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (DE 26) be denied?

Plaintiff respectfully suggests that this question should be answered in the affirmative.

## IV. ARGUMENT

### A. STANDARD FOR MOTION TO DISMISS

The U.S. Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quotation marks, ellipsis, citations, and footnote omitted).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Twombly, 550 U.S. at 556).

By alleging that Exhibit A (attached to the FAC) sent by Defendant Central failed to clearly disclose the amount of the debt and the name of the creditor to whom the debt is owed, Plaintiff's FAC has satisfied the plausibility test to overcome Defendants' Motions to Dismiss. Ashcroft v. Iqbal, 129 S.Ct. at 1949; Bell Atlantic Corp. v. Twombly, 550 U.S. at 570 ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.") Where the motion to dismiss is an attack on a consumer's FDCPA claims, the court should resolve any ambiguities in favor of the consumer. "Because the FDCPA ... is a remedial statute, it should be construed liberally in favor of the consumer." Archer v. Aldridge Connors, LLP, 998 F. Supp. 2d 1360, 1364 (S.D. Fla. 2014) quoting Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002) (the FDCPA "should be construed liberally in favor of the consumer"). "Only the rarest FDCPA complaint that alleges a dunning letter is misleading or confusing may be dismissed on the pleadings." Samuel v. Approved Credit Solutions, 2015 WL 4548745, at *2 (S.D. Ind. July 28, 2015).

## A. DEFENDANT'S ARGUMENTS

Central argues that Plaintiff has failed to state a claim for which relief may be granted and should be dismissed pursuant to Fed.R.Civ.P 12(b)(6). (Doc. No.29, pp 3-10). Defendant is wrong.

### 1. Central Failed to Adequately Identify the Current Creditor.

Central first argues that it's letter Exhibit A stated the name of the current creditor in compliance with 15 U.S.C. §1692g(a)(2). (Doc. No.29, pp 4-6).

Section 1692g(a) of the FDCPA defines precisely both *when* notice must be provided (in the initial communication or within 5 days after it) and *what* that notice must contain:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a).

"Congress included the debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991). To comply with §1692g the required notice must be effectively conveyed to the consumer. *Miller*, 943 F.2d at 484.

The *FDCPA* clearly defines a creditor as "any person who offers or extends credit creating a debt or to whom a debt is owed [.]" 15 U.S.C. §1692a(4). *Shoup v. McCurdy & Candler*, 465 Fed. Appx. 882, 884 (11th Cir. 2012) (unpublished). The *FDCPA* requires that a debt collector "must 'send the consumer a written notice containing' – along with other information – 'the name of the creditor to whom the debt is owed [.]' " *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012) (citing 15 U.S.C. §1692g(a)(2)). "The identity of the 'creditor' in these notices is a serious matter." *Bourff*, 674 F. 3d at 1241. See also, *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1301 (11th Cir. 2014) (validation notice requires information of the name of the creditor to whom the debt is owed.); *Newman v. Ormond*, 396 F. App'x 636, 639 (11th Cir. 2010 (the *FDCPA* requires "a debt collector must communicate to the debtor, either in the initial communication or 5 days after…the name of the creditor to whom the debt is owed [.]"); *Anderson v. Credit Bureau Collection Servs.*, 422 Fed. Appx. 534, 535 (7th Cir. 2011) (unpublished) (the notice required to be sent to a consumer prescribed by 15

U.S.C. §1692g(a) shall include the name of the creditor.); *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 502 (7th Cir. 2008) (The *FDCPA* requires debt collectors to include the name of the creditor to whom the debt is owed in its initial communications or within five days of an initial communication.); *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 90 (2d Cir. 2008) (the *FDCPA* requires the party in the better position, the debt collector, to inform the consumer the name of the creditor to whom the debt is owed.); *Peter v. GC Servs. L.P.*, 310 F.3d 344, 348 (5th Cir. 2002) ("Section 1692g requires debt collectors within five days of the initial communication…provide debtors…the name of the creditor to whom the debt is owed."); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("*Section 1692g(a)* provides that the initial communication sent to a consumer must contain…the creditor's name."); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996) (Section 1692g's notice must include the name of the creditor.); *Miller*, 943 F.2d at 483 (Section 1692g requires the debt collector to send the consumer a notice containing the name of the creditor.); *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013); *Park v. Shapiro & Swertfeger, LLP*, 2013 U.S. Dist. LEXIS 23086, at *11 (N.D. Ga. Jan. 9, 2013); *Walls v. United Collection Bureau, Inc.*, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May 16, 2012) (the *FDCPA* "expressly requires identification of the creditor to whom the debt is owed[.]"); *Blarek v. Encore Receivable Mgmt.*, 2007 U.S. Dist. LEXIS 22549, at *48 (E.D. Wis. Mar. 27, 2007).

In a similar matter in which the creditor was merely defined as "Target," the district court denied the debt collector's motion to dismiss stating:

> "[T]hroughout its briefs, [the debt collector] implies that the full and complete name of the creditor includes the name 'Target.' Yet, without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T," it would be impossible for this court to decide whether [the debt collector] sufficiently identified the creditor to whom [the consumer's] debt is owed. Moreover, given that the full and complete name of the creditor is unknown, at least to the court, and given the fact-based nature of the confusion question, it would not be appropriate, at this early stage of the litigation, for the court to determine whether the unsophisticated debtor would be confused by the collection letter."

*Schneider v. TSYS Total Debt Mgmt., Inc.*, 2006 U.S. Dist. LEXIS 48177, *9-10 (E.D. Wis. July 13, 2006).

*Schneider* is not alone in holding debt collectors responsible for misidentifying a creditor using a generic name. In *Amina v. WMC Mortg. Corp.,* 2011 U.S. Dist. LEXIS 52668 (D. Haw. May 16, 2011) the debt collector's notice stated "[t]he name of the current creditor to whom the debt is owed is Chase." *Id.* at *36. In denying summary judgment the District Court stated:

> "[A] genuine issue of material fact exists regarding whether [the debt collector] complied with § 1692(a)(2)'s requirement that [the debt collector] identify the current creditor. [The debt collector] identified the creditor only as 'CHASE,' and it should go without saying that there are multiple Chase entities. Further, there is no evidence on the record establishing that Chase is indeed the current creditor."

*Id.* at *38.

In *Berther v. TSYS Total Debt Mgmt., Inc.*, 2007 U.S. Dist. LEXIS 44500 (E.D. Wis. June 19, 2007) the District Court approved a class action settlement where the debt collector identified the creditor generically as "Capital One" when

there were numerous other corporations having similar names such as Capital One F.S.B., Capital One Services, Inc., and Capital One Auto Finance, Inc. *Id.* at *1. In *Beltrez v. Credit Collection Servs., Inc.,* 2015 U.S. Dist. LEXIS 16016 (E.D. N.Y. Nov. 25, 2015), the District Court denied a *Rule 12(b)(6)* Motion to Dismiss on a matter in which the debt collector generically identified "Verizon" as the creditor, holding that the Court could not determine at the early stages of the litigation, as a matter of law, that a least sophisticated debtor would not be confused as there were 37 entities registered in the State of New York whose legal corporate names began with "Verizon." *Id* at *2.

Here Defendant's letter Exhibit A merely identifies "Palm Beach Gardens Medical Center" as the "Facility" rather than the creditor to whom the debt is owed as required by 15 U.S.C. §1692g(a)(2). The least sophisticated consumer[1] is left to guess whether it is Palm Beach Gardens Medical Center or another entity which presently owns the alleged obligation. The body of Defendant's letter does nothing to clear up the confusion about the identity of the current creditor. It states in relevant part:

> Please note that the amount owed my increase or decreased depending on any amount that is or is not covered by health insurance or other third party coverage for medical services received from Palm Beach Gardens Medical Center; the same medical service that form the basis of this debt.

[1] The representations of debt collectors are governed by the "least sophisticated consumer" standard. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

Exhibit A.

Regardless of the facility at which the alleged debt was incurred or formation of the basis of the alleged debt or to whom the original debt was incurred, the statutory requirement is to identity the name of the current creditor, not where the alleged debt was incurred, and the body of the letter fails to make that identification.

Therefore, Central's identification of "Palm Beach Gardens Medical Center" as "Facility" was not sufficient to name the current creditor pursuant to the FDCPA.

The omission of one of the "statutory requirements for the validation notice is actionable as a violation of *15 U.S.C. §1692e[.]*" *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014). Even "highly technical" violations of the *FDCPA* are actionable. *Hernandez v. Guglielmo*, 977 F. Supp. 2d 1054, 1057 (D. Nev. 2013). "[T]he identity of the creditor is material information to a consumer." *Green v. Monarch Recovery Mgmt.*, 2015 U.S. Dist. LEXIS 98765, at *15 (S.D. Ind. July 29, 2015). See also, *Wheeler v. Codilis & Assocs., P.C.,* 2013 U.S. Dist. LEXIS 175848, at *9 (N.D. III. Dec. 16, 2013) ("The text of *§1692g(a)(2)* plainly requires identification of 'the creditor to whom the debt is owed,' regardless of whether that particular information might in some instances be less useful to a debtor than identification of …[some] other entity."); *Walls*, 2012 U.S. Dist. LEXIS 68079, at *5 ("[15 U.S.C. §1692g(a)(2)] expressly requires identification of the creditor to whom the debt is owed;").

Omission of the true identity of the original creditor in a validation notice leaves the least sophisticated consumer unable to verify the debt. *De Amaral v. Goldsmith & Hull*, 2014 U.S. Dist. LEXIS 18568, at *14 (N.D. Cal. Feb. 11, 2014). When the identification of the creditor is presented in a confusing manner an unsophisticated consumer may believe they may be defrauded or paying the wrong creditor. *Walls*, 2012 U.S. Dist. LEXIS 68079, at *5-6.

As the court in *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 996 (D. Ariz. 2010) has stated:

> To preserve the protections and policies of the FDCPA, it is important to know the proper identity of the creditor. Knowing a creditor's identity allows the "least sophisticated consumer" to make more informed decisions on how to communicate with the creditor and avoid being misled.

Similar to the case presented here, in *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15CV3549ADSAKT, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016), *motion for relief from judgment denied*, No. 15CV3549ADSAKT, 2017 WL 59085 (E.D.N.Y. Jan. 4, 2017), the district court found that a collection letter which listed the hospital without further explanation was not "sufficient to satisfy Section 1692g(a)(2) because it does not identify the Hospital as the Plaintiff's current creditor." The court found that an adequate claim for violation of §1692g(a)(2) had been stated and denied the motion to dismiss. See: *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321-22 (7th Cir. 2016).

Thus, Plaintiff has adequately stated a claim for Central's violation of 15 U.S.C. §1692g(a)(2) by failing to clearly disclose the name of the creditor to whom the debt is owed.

### 2. <u>Central Failed to Adequately State the Amount of the Debt.</u>

Next Central contends that its letter Exhibit A adequately stated the amount of the debt in compliance with 15 U.S.C. §1692g(a)(1). (Doc. No.29, pp 6-9). "It is not enough that the dunning letter state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004) (citations omitted).

In the upper right corner of Exhibit A Central states "Amount Owed . . . . $653.36." However the body of its letter goes on to state "Please note that the amount owed may increase or decrease" without explaining how the consumer may learn of the increase or decrease.

Just last month in reviewing a purported violation of §1692g(a)(1) the Second Circuit concluded: "Because the statement gives no indication as to what the unaccrued fees are or how they are calculated, [the least sophisticated consumer] cannot deduce that information from the statement." *Carlin v. Davidson Fink LLP*, — F.3d —, 2017 WL 1160887, at *6 (2d Cir. Mar. 29, 2017).

Thus, Plaintiff has adequately stated a claim for Defendant's violation of 15 U.S.C. §1692g(a)(1) by failing to clearly disclose to the least sophisticated consumer the amount of the debt or how increases or decreases of that amount could be determined.

### 3. <u>A Class Action Has Been Properly Alleged.</u>

In its final argument Central contends that the First Amended Complaint failed to allege a proper basis for class certification and that the class allegations should be dismissed. (DE 29, pp 9-10).

To the contrary the First Amended Complaint Plaintiff has specifically alleged:

> 23. Plaintiff alleges on information and belief based on Defendant's use of letters in the form of Exhibit A that the class is so numerous that joinder of all members is impractical.
>
> 24. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. Each purported class member was sent a letter in the form of Exhibit A by Defendant. The principal issues are:
>
> a. whether Defendant's letters in the form of Exhibit A violate the FDCPA,
>
> b. whether Defendant is a debt collector.
>
> 25. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.
>
> 26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful debt collection practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interest which might cause them not to vigorously pursue this action.
>
> 27. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:
>
> a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.
>
> b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

These allegations along with the other class related paragraphs have adequately pled Plaintiff's request for class certification.

Cases involving FDCPA claims arising from the debt collector's form letter, like Exhibit A here, have regularly certified to proceed as class actions. "Common nuclei of fact are typically manifest where, like in the case sub judice, the defendants have engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Also, see: *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 684-85 (S.D. Fla. 2013), *recon. den.* 289 F.R.D. 674 (S.D.Fla. 2013).

Here Ms. Carpenter and each class member were sent a letter in the form of Exhibit A from Defendant Central which failed to adequately disclose the amount of the debt and the name of the creditor to whom the debt is owed. "To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter." *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999). "The very definition of this class logically involves common questions, such as whether the subject collection letter violates 15 U.S.C. §1692g." *Macarz v. Transworld Systems, Inc.*, 193 F.R.D. 46, 49 (D.Conn. 2000). Whether Defendant Central's letters in the form of Exhibit A violated the FDCPA is the legal question common to all class members. FDCPA claims based on standard language or standard practices are well suited for class certification. *Drossin v. National Action Financial Services, Inc.*, 255 F.R.D. 608, 615-16 (S.D.Fla. 2009); *Swanson v. Mid Am, Inc.*, supra at 668.

"In most cases, some precertification discovery may be necessary if the allegations in the pleadings - with affidavits, declarations, and arguments or representations of counsel - do not provide sufficient reliable information." *Newberg on Class Actions* §7:15 (5th ed.) (footnote omitted). Here discovery has only just opened. Plaintiff's first set of written discovery was served April 13, 2017. Of course, Plaintiff's Motion for Class Certification when filed will be buttressed with Defendant's responses to discovery, "affidavits, declarations, and arguments."

Thus, Plaintiff has adequately pled the basis for class certification in her FAC.

## III. CONCLUSION.

For the reasons discussed above supported by the findings in *Datiz v. Int'l Recovery Assocs., Inc.*, sipra, and *Carlin v. Davidson Fink LLP*, supra, Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint (DE 29) should be denied.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
don@donyarbrough.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 16-81899-Civ-Marra/Matthewman

ASHLEY M. CARPENTER,
on behalf of herself and all others
similarly situated,

Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, LLC, d/b/a
CENTRAL FINANCIAL CONTROL,

Defendant.
_______________________________________/

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 19, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.

## SERVICE LIST

Michael L. Ehren, Esq.
Lash and Goldberg LLP
Miami Tower, Suite 1200
100 South East 2nd Street
Miami, FL 33131
Telephone: 305-347-4040
Facsimile: 305-347-4050

Via Notices of Electronic Filing generated by CM/ECF