UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-81899-CIV-MARRA

ASHLEY M. CARPENTER,

    Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, LLC,
d/b/a CENTRAL FINANCIAL CONTROL,

    Defendant.
_____/

## FINAL JUDGMENT

THIS CAUSE is before the Court upon Defendant Syndicated Office Systems, LLC d/b/a Central Financial Control's ("CFC") Motion to Dismiss Plaintiff's First Amended Class Action Complaint ("Motion") (DE 29). The Motion is fully briefed. (DE 33, 37.) The Court has considered the Motion and is otherwise fully advised in the premises. For the reasons stated below, the Motion is granted.

**I.  LEGAL STANDARD**

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alteration

omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. The Court must accept all of the plaintiff's factual allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## II.    DISCUSSION

The parties dispute whether the letter dated February 26, 2016 from CFC to Plaintiff Ashley M. Carpenter, which is attached to the Amended Complaint (DE 26-1) and is the basis for Plaintiff's claims in the Amended Complaint ("CFC Letter"), conforms to the requirements of 15 U.S.C. § 1692g(a). That provision requires that a debt collector provide the debtor "the name of the creditor to whom the debt is owed." *Id.* § 1692g(a)(2). It also requires that a debt collector identify "the amount of the debt." *Id.* § 1692g(a)(1). In the Amended Complaint, Plaintiff asserts that the CFC Letter fails to state both the name of the creditor and the amount of the debt. (DE 26.) Defendant moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted, arguing that the CFC Letter complies with § 1692g(a).

On the top right-hand corner, the CFC Letter identifies the "Facility" as the "Palm Beach Gardens Medical Center" and the "Amount Owed" as $653.36, along with the other information, such as the account number, the patient reference number, the dates of service, and the hospital code.

(DE 26-1.) The body of the CFC Letter includes, but is not limited to, the following information:

> This notice has been sent by a collection agency, Central Financial Control. Your account(s) has been placed with this company for collection for the amount owed which is stated at the top of this notice. Your payment is requested. A return envelope is enclosed for your convenience.
>
> Please note that *the amount owed may increase or decrease* depending on any amount that is or is not covered by health insurance or other third party coverage for medical services received from *Palm Beach Gardens Medical Center*; the same medical services that form the basis of this debt.

(*Id.* (emphasis added).)

Both parties agree that this Court must evaluate the information in the CFC Letter under the "least sophisticated consumer" standard. As stated by the Court of Appeals for the Eleventh Circuit:

> The "least sophisticated consumer" can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

*Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274–75 (11th Cir. 2016) (citations and quotation marks omitted). The purpose of the "least sophisticated consumer" standard is "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* (citations and quotation marks omitted).

"Generally, the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury. However, the question of whether a plaintiff has alleged sufficient facts to state a claim under § 1692g is a legal question for the court." *Leonard v. Zwicker & Assocs., P.C.*, 713 F. App'x 879, 882–83 (11th Cir. 2017).

A.     Name of the Creditor

Applying the least sophisticated consumer standard, the Court finds that the CFC Letter adequately names the creditor to whom the debt is owed. Although the letter does not specifically state verbatim that Palm Beach Gardens Medical Center is the creditor to whom the debt is owed, even the least sophisticated consumer would understand that from the letter. Along with identifying the "collection agency, Central Financial Control," and stating that the letter is "an attempt to collect a debt," the CFC Letter lists "Palm Beach Gardens Medical Center" as the "Facility." (DE 26-1). Directly under the facility name, the letter provides the account number, the patient reference number, the dates of service, and the hospital code. In the body, the CFC Letter states that the "medical services received from Palm Beach Gardens Medical Center" are the services that "form the basis of this debt." (*Id.*) Even reading the CFC Letter with only a rudimentary amount of information and some care, the least sophisticated consumer would understand that the entity to whom the debt is owed is Palm Beach Gardens Medical Center.

Plaintiff claims that the identification of Palm Beach Gardens Medical Center as the "Facility" is insufficient to name the creditor. The Court disagrees. When the reference to Palm Beach Gardens Medical Center as the "Facility" is read in the context of the CFC Letter as a whole, it is not plausible that a consumer would be confused about the identity of the creditor. As noted above, the body of the letter specifically states that the "medical services received from Palm Beach Gardens Medical Center . . . form the basis of th[e] debt," and the letter gives the dates of service and the account information pertaining to that debt. (DE 26-1.) The least sophisticated consumer would understand that this sentence implies that the creditor is the medical provider, and the medical provider has not yet received payment. *See Nyasimi v. Durham & Durham, LLP*, No.

4

1:17-CV-1249-AT-LTW, 2017 WL 8221399, at *5 (N.D. Ga. Nov. 17, 2017), *report and recommendation adopted*, No. 1:17-CV-1249-AT, 2017 WL 8222330 (N.D. Ga. Dec. 6, 2017) (granting defendant's motion to dismiss where the text of the collection letter stated that "medical services have been provided to you as noted above and full payment has not been received for these services" and reasoning that this text "implies the creditor is the medical service provider cited in the header").

Faced with a debt collection notice with even less information than the one at bar, the district court in *Lait v. Med. Data Sys., Inc.*, No. 1:17-CV-378-WKW, 2018 WL 1990513, at *7 (M.D. Ala. Apr. 26, 2018),[1] held that the debt collection notice there adequately named the creditor to whom the debt was owed. There, the debt collection notice listed the creditor, also a medical service provider, as the "Facility" in the body of the letter, along with the account number, the date of service, the balance, and the patient name. *Id.* at *2. In holding that the notice adequately named the creditor, the court applied the least sophisticated consumer standard and reasoned as follows:

> Although the letter did not come right out and say "the name of the creditor to whom the debt is owed is Medical Center Enterprise," it expressly noted that the letter "is an attempt to collect a debt," identified Medical Revenue Service as the collection agency/debt collector, explained that the account indicated below the text was placed with the agency for collection, and then listed Medical Center Enterprise as the "Facility Name" that corresponded to the delinquent account. It is hard to imagine to whom the least sophisticated consumer would think he owes money if not Medical Center Enterprise—particularly since it was the consumer himself who personally incurred the medical debt at Medical Center Enterprise (the name of the hospital) and whose name was listed on that account.

*Id.* at *5. Like the court in *Lait*, other courts have held that debt collection notices can convey the

---

[1] Because the *Lait* case is on appeal, the Court finds it prudent to note that the disposition of this case, which contains more information than the collection letter in *Lait*, is not dependent upon the outcome of that appeal.

5

identity of the creditor in satisfaction of the least sophisticated consumer standard without explicitly referring to the facility to whom the debt is owed as "the creditor." *See Nyasimi*, 2017 WL 8221399, at *4 (N.D. Ga. Nov. 17, 2017) (citing cases).

Here too, the CFC Letter adequately conveys the identity of the creditor. Reading the CFC Letter as a whole, the least sophisticated consumer would understand that Palm Beach Gardens Medical Center is the name of the creditor to whom the debt is owed. Because the Court finds that it is not plausible that the least sophisticated consumer reading the CFC Letter would be confused about the identity of the creditor, the Court concludes that Plaintiff has not stated a plausible claim for relief to survive a Rule 12(b)(6) motion.

This Court is not persuaded that this case is analogous to the facts in *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15CV3549ADSAKT, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016), upon which Plaintiff heavily relies. There, the court held that a collection letter, which referenced the creditor only in the caption as "Re: John T. Mather Hospital," did not satisfy Section 1692g(a)(2). *Id.* In holding that the letter did not identify the hospital as the plaintiff's creditor, the court emphasized that the body of the letter did not make clear what relationship the hospital had to the debt. *Id.* ("Thus, in the Court's view . . . , the February 13, 2015 Letter does not implicitly suggest that John T. Mather Hospital is the Plaintiff's current creditor, nor does it make clear what, if any, relationship the Hospital has to the Defendant or the Plaintiff's underlying debt.").

In this case, unlike in *Datiz*, the body of the CFC Letter provides sufficient information that a consumer would likely understand that Palm Beach Gardens Medical Center is Plaintiff's creditor because the letter identifies Palm Beach Gardens Medical Center as the provider of the unpaid services that form "the basis of th[e] debt." (DE 26-1.)

For these reasons, the Court concludes that Plaintiff has failed to state a plausible claim for a violation of § 1692g(a)(2) to survive a Rule 12(b)(6) motion.

B.     Amount of the Debt

Applying the least sophisticated consumer standard, the Court finds that the CFC Letter also adequately states the amount of the debt owed.  On the right-hand side of the CFC Letter, underneath Plaintiff's name, the facility name, the account number, the patient reference number, the date of service, and the hospital code, is an "Account Summary" section that states "Amount Owed . . . . $653.36." (DE 26-1.)  Despite the fact that the amount owed is plainly stated in the CFC Letter, Plaintiff argues that the amount is confusing because the body of the letter states that "the amount owed may increase or decrease depending on any amount that is or is not covered by health insurance or other third party coverage . . . ." (*Id.*)  Plaintiff claims that this language violates § 1692g(a)(1) because the letter does not explain how the consumer may learn of the possible increase or decrease.

In support of her contention that the amount stated in the CFC Letter is confusing, Plaintiff relies upon the case of *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017), where the court of appeals there held that "[b]ecause the statement gives no indication as to what the unaccrued fees are or how they are calculated, [the least sophisticated consumer] cannot deduce that information from the statement." *Id*.  In *Carlin*, the debt collector sent the plaintiff a payoff statement that indicated that the total amount due included unspecified "fees, costs, additional payments, and/or escrow disbursements" calculated as of August 14, 2013, and that the plaintiff would receive a refund in the amount of any unaccrued fees if payment was made before that date. *Id.* at 215-16.

In this case, unlike the case in *Carlin*, there is no indication that the amount due was calculated based upon unaccrued fees as of a future payoff date. Plaintiff has not cited to any cases, nor has the Court located any, that hold that insurance-coverage language similar to that in the CFC Letter at issue violates § 1692g(a)(1). Further, as noted above, Plaintiff could learn about the extent of any outstanding insurance-coverage changes by contacting her insurance carrier. Based upon the Court's evaluation of the letter under the least-sophisticated-consumer standard, the Court finds that the CFC Letter is not rendered confusing because it advises of the possibility of insurance or other coverage. The least sophisticated consumer would understand that he or she could verify the extent of coverage, if any, by contacting the insurance carrier or other third party. For these reasons, the Court concludes that Plaintiff has not stated a plausible claim for a violation of § 1692g(a)(1) to survive a Rule 12(b)(6) motion.

### III.   CONCLUSION

Based upon the foregoing, the Court concludes that the Complaint fails to state a plausible claim for any violation of § 1692g(a). Therefore, Defendant's Rule 12(b)(6) motion is granted. Because Plaintiff has not sought leave to amend, and any amendment would be futile, the Court's granting of Defendant's motion to dismiss is with prejudice. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.").

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Syndicated Office Systems, LLC d/b/a Central Financial Control's Motion to Dismiss Plaintiff's First Amended Class Action Complaint (DE 29) is **GRANTED**.

The Clerk shall **CLOSE** this case.  Any pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of July, 2018.

_____
KENNETH A. MARRA
United States District Judge